UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

MAURICE YOUNG,            *
       Petitioner            *
                                    *
       v.                               *         CIVIL NO. L-10-2281
                                    *         CRIM. NO. L-07-0229
UNITED STATES OF AMERICA,      *
       Respondent           *
                                 *******

MEMORANDUM

Now pending is pro se petitioner Maurice Young's motion for relief pursuant to 28 U.S.C. § 2255. Docket No. 210. For the reasons set forth below, the Court will, by separate Order of even date, DENY all but one of Young's claims. The Court can only resolve Young's claim that his counsel failed to communicate a plea offer to him by holding an evidentiary hearing. Thus, the Court will appoint counsel to represent Young and schedule a hearing on that claim.

I. **Background**

The facts are fully set forth in the parties' briefs, which are extensive, and need not be restated herein. The essential facts are as follows.

Between September 2006 and January 2007, Maurice Young and a group of co-conspirators performed one home invasion and five bank robberies. During each of the crimes, the robbers intimidated the victims by threatening them with bodily harm and brandishing firearms. The robberies were well coordinated, with lookouts and getaway drivers. The conspiracy came to an end on January 9, 2007 when the Anne Arundel County Police Department apprehended several of its members following a bank robbery.

The Second Superseding Indictment, which was returned on March 11, 2008, charged Young with one count of Hobbs Act conspiracy, in violation of 18 U.S.C. § 1951; six counts of

using, carrying and brandishing a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c), and five counts of armed bank robbery, in violation of 18 U.S.C. § 2113.

On June 30, 2008, Young proceeded to trial before the Honorable Andre M. Davis. The presentation of evidence concluded on the fifth day of trial. After the Court denied Young's motion for a judgment of acquittal, and just before jury instructions and closing argument, Young entered a plea of guilty to one count each of armed bank robbery and brandishing a firearm during a crime of violence. In the stipulated statement of facts, Young admitted to serving as a lookout and getaway driver during the home invasion; planning and committing five bank robberies in October, November, and December of 2006, and serving as a planner, lookout, and getaway driver for the January 2007 bank robbery.

Judge Davis sentenced Young on October 3, 2008. During the sentencing, Judge Davis concluded that Young had obstructed justice by threatening and harassing a cooperating Government witness while he and the witness were in nearby cells in the courthouse cellblock. As a result, Judge Davis imposed a two-level upward enhancement to Young's guideline range pursuant to § 3C1.1 of the United States Sentencing Guidelines. Ultimately, Judge Davis sentenced Young to 300 months imprisonment as to the armed bank robbery count and 144 months as to the § 924(c) count, to run consecutively, for a total term of 444 months. Had Young been convicted by the jury, he would have faced a guideline sentence for the five robberies and a mandatory minimum sentence of at least 132 years for the six § 924(c) counts. Thus, the resulting sentence was 72 years less than the sentence Young would have faced had he not pled guilty and been convicted.

Young noted an appeal to the United States Court of Appeals for the Fourth Circuit. He argued that the District Court erred in enhancing his offense level for obstruction of justice and

that his sentence was procedurally unreasonable. On July 24, 2009, the Fourth Circuit affirmed the District Court's judgment by unpublished per curiam opinion. The pending Motion to Vacate followed.

## II.     Discussion

Young alleges six different grounds for relief. To the extent that Young raises new substantive claims of error, all such claims must be dismissed because they have been procedurally defaulted. See United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999).[2] In two of his claims, Young alleges that his retained trial counsel, Mark Van Bavel, was ineffective. Defective representation can be cause for a procedural default. See id. at 493 ("The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel.").

The Court must evaluate these claims under the Strickland two-prong test. Young must show (i) that counsel's performance was deficient, and (ii) that counsel's deficient performance prejudiced him. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish the first prong, Young must produce evidence that his counsel's performance was not "within the range of competence demanded of attorneys in criminal cases." Id. As for the second prong, Young must show that but for his attorney's deficient performance, the result of the proceedings would have been different. See id. The Court can address either the prejudice or the effectiveness prong first, and if it finds that Young cannot satisfy one of the prongs, the Court's inquiry ends and the petition is dismissed. Id. at 697.

With this background in mind, the Court will address each of Young's claims.

---

[2] These claims are as follows: (i) that the sentencing court erred in applying a firearms enhancement; (ii) that the Court erred in failing to grant a reduction in offense level for acceptance of responsibility; (iii) that there was insufficient evidence to sustain a conviction under § 924(c), and (iv) that the sentence was unreasonable because the Court considered conduct charged in counts to which Young did not technically plead guilty.

3

### A. Firearms Enhancement

Young's first claim is that Van Bavel erred by failing to object to the imposition of a firearms enhancement because Young also pled guilty to a 924(c) charge.[3] The Court rejects this argument.

As discussed above, Young pled guilty to one count of armed bank robbery and one 924(c) count of brandishing a firearm. Both of these charges stemmed from the January 9, 2007 bank robbery. In his plea agreement, however, Young acknowledged that the guidelines would be calculated as though he had pled guilty to each of the robbery counts. See Gov't Ex. 1, 4; see also U.S. Sentencing Guidelines Manual § 1B1.2 ("A plea agreement . . . containing a stipulation that specifically establishes the commission of additional offense(s) shall be treated as if the defendant had been convicted of additional count(s) charging those offense(s)."). Young further stipulated that his total offense level could be increased by 5 levels because a firearm was brandished during the October 27, 2006 bank robbery. Gov't Ex. 1, 4.

Young is correct that a defendant may not receive a firearms enhancement for conduct that also results in a 924(c) conviction. See U.S. Sentencing Guidelines Manual § 2K2.4 cmt. n.4 (2010). The sentencing court adhered to this rule, however, because it did not apply the firearms enhancement based upon Young's conduct during the January robbery, the robbery for which he was sentenced, but based upon Young's conduct during the October robbery. Although Young was not sentenced for this count, his plea agreement, and the sentencing guidelines, establish this conviction. Thus, the Court was at liberty to apply the enhancement, and Van Bavel did not err in failing to object to it.

---

[3] Young also contends that the sentencing court committed plain error by applying this enhancement. For the reasons discussed above, however, this claim is procedurally defaulted.

### B. Failure to Inform of Plea Offer

Young also contends that he was denied effective assistance of counsel because Van Bavel failed to inform him of a pre-trial plea offer that would have resulted in a lesser sentence. Young alleges that he did not learn of the plea offer until sentencing and that he would not have proceeded to trial had he known of the offer. As the Government acknowledges, this claim can only be resolved by an evidentiary hearing.

The Court makes several observations in advance of the hearing. First, Young's allegations on this point are inconsistent. In his initial memorandum, Young stated he first learned of the plea offer during his sentencing. In his amended memorandum, however, Young stated that he did receive the plea offer but only after "<u>it was deemed null and void</u>." Am. Mem., Ex. A (emphasis original). These allegations are further contradicted by a post-trial letter from Van Bavel to Young, which Young attached to his memorandum. In that letter, which is dated October 31, 2008, Van Bavel states that he visited Young before the trial to discuss the plea offer.

Second, the Court engaged in a lengthy colloquy at sentencing concerning the plea offer. Assistant United States Attorney Michael Hanlon recalled the specifics of the offer and a conversation he had with Van Bavel during which Van Bavel stated that Young had rejected the offer. Finally, to prevail on a claim that he would have pled guilty but for counsel's ineffective assistance, Young must show that there is a reasonable probability that he would have pled guilty had he been properly advised. See <u>United States v. Blaylock</u>, 20 F.3d 1458, 1467 (9th Cir. 1994). With these considerations in mind, the Court will appoint counsel for Young and schedule a hearing on this limited issue.

**III.    Conclusion**

For the foregoing reasons, the Court will, by separate Order of even date, DENY all but one of Young's claims.  The Court will appoint counsel for Young and schedule a hearing on his claim that Van Bavel failed to communicate a plea offer to him.  The Court will withhold issuing a final judgment until after it has ruled on that issue.  Accordingly, the Court need not consider whether Young is entitled to a certificate of appealability at this time.

Dated this __11th__ day of July, 2011.                              _____/s/_____
                                                                                            Benson Everett Legg
                                                                                            United States District Judge