## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal Action No. 07-cr-00229-LKG |
| | ) | |
| MAURICE YOUNG, | ) | Dated: October 2, 2024 |
| | ) | |
| Defendant. | ) | |
| | ) | |

### MEMORANDUM OPINION AND ORDER ON
### DEFENDANT'S MOTION TO REDUCE SENTENCE

### I.        INTRODUCTION

Defendant, Maurice Young, has moved to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(1)(A).   ECF No. 345.   This motion is fully briefed.  ECF Nos. 345, 362.  No hearing is necessary to resolve this motion.   *See* L.R. 105.6 (D. Md. 2023).   For the reasons that follow, the Court: (1) **GRANTS** Mr. Young's motion to reduce sentence and (2) **REDUCES** the Defendant's sentence to **26 years of imprisonment**.

### II.       BACKGROUND AND PROCEDURAL HISTORY

The Defendant, Maurice Young, is currently serving a sentence of imprisonment after having been convicted of bank robbery, in violation of 18 U.S.C. § 2113(a), and using, carrying and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  ECF Nos. 181, 182.  On October 3, 2008, the Court sentenced the Defendant to 300 months of imprisonment for armed bank robbery (Count 15 of the Superseding Indictment) and to 144 months of imprisonment for the Section 924(c) offense (Count 16 of the Superseding Indictment), to run consecutively, for a total term of 444 months (37 years) of imprisonment, to be followed by five years of supervised release. *Id*.

The stipulation of facts for this case states that the Defendant aided and abetted the following robberies:

- On October 16, 2006, the Defendant acted as a lookout during an armed home   invasion of a residence in Pikesville, Maryland.

- During October and November 2006, the Defendant and accomplices planned and carried out multiple bank robberies, including robberies of a Wachovia Bank in Severn, Maryland; a Wachovia Bank in Jessup, Maryland; a First Mariner Bank in Perry Hall, Maryland; and a Provident Bank in Ellicott City, Maryland.

- On January 9, 2007, the Defendant aided and abetted an armed robbery of a First Mariner Bank in Anne Arundel County, Maryland. The Defendant participated in the planning of the robbery and helped set up a pre-robbery meeting of the participants.

ECF No. 362 at 1-2.

On June 29, 2023, the Defendant filed a motion to reduce sentence. ECF No. 345. On January 12, 2024, the Government filed a response to the Defendant's motion. ECF No. 362.

The Defendant's motion to reduce sentence having been fully briefed, the Court resolves the pending motion.

## III.    LEGAL STANDARDS

### A.    Compassionate Release

The United States Court of Appeals for the Fourth Circuit has held that a court "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *see United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020); *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020); *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019). But "the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). One such exception to this rule is when the modification is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B); *see Jackson*, 952 F.3d at 495.

In this regard, Title 18, United States Code, Section 3582(c)(1)(A)(i), commonly known as the "compassionate release" provision, provides a statutory vehicle to modify a defendant's sentence. *United States v. Wiggins*, 2020 WL 4436373, at *2 (D. Md. Aug 3, 2020). Section 3582 was adopted as part of the Sentencing Reform Act of 1984. *Id*. The statute originally permitted a court to alter a sentence only upon a motion by the Director of the Bureau of Prisons ("BOP"). *See* Pub. L. No. 98-473, § 224(a), 98 Stat. 2030 (1984). But, in December 2018, Congress significantly modified the compassionate release mechanism when it enacted the First

Step Act of 2018 ("FSA").   *See* Pub. L. 115-391, 132 Stat. 5239 (2018).   Given this, the Court
has held that as amended by the FSA, 18 U.S.C. § 3582(c)(1)(A) permits a court to reduce a
sentence of imprisonment "upon motion of the Director of [BOP], or upon motion of the
defendant after the defendant has fully exhausted all administrative rights to appeal a failure of
the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of
such a request by the warden of the defendant's facility," whichever occurs first.   *Wiggins*, 2020
WL 4436373, at *2.   And so, once a defendant has exhausted his or her administrative remedies,
the defendant may petition this Court directly for compassionate release.   *Id*.

   Pursuant to Section 3582(c)(1)(A), the Court may modify a defendant's sentence if, "after
considering the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable," it
finds that:

> (i) extraordinary and compelling reasons warrant such a reduction; or

> (ii) the defendant is at least 70 years of age, has served at least 30
> years in prison, pursuant to a sentence imposed under section
> 3559(c), for the offense or offenses for which the defendant is
> currently imprisoned, and a determination has been made by the
> Director of the Bureau of Prisons that the defendant is not a danger
> to the safety of any other person or the community, as provided
> under section 3142(g);

> and that such a reduction is consistent with applicable policy
> statements issued by the Sentencing Commission . . . .

*Id*. at *3.   And so, to be entitled to relief under Section 3582(c)(1)(A)(i), the defendant must
demonstrate that: (1) "extraordinary and compelling reasons" warrant a reduction of his sentence;
(2) the factors set forth in 18 U.S.C. § 3553(a) countenance a reduction; and (3) the sentence
modification is "consistent" with the policy statement issued by the United States Sentencing
Commission (the "Commission") in U.S.S.G. § 1B1.13.   *Id*.

   The Commission is charged with defining "what should be considered extraordinary and
compelling reasons for sentence reduction" under 18 U.S.C. § 3582(c)(1)(A).   28 U.S.C. §
994(t).   Relevant to the pending motion, the Commission has determined that "extraordinary and
compelling reasons" exist where a defendant is "suffering from a serious physical condition . . .
that substantially diminishes the ability of the Defendant to provide self-care within the
environment of a correctional facility and from which he is not expected to recover."   U.S.S.G. §

1B1.13 cmt. n.1(A).  Relevant here, Section 1B1.13(b)(6) of the Sentencing Guidelines provides that:

> Unusually Long Sentence.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).[1]  In addition, Section 1B1.13(b)(5) of the Sentencing Guidelines provides for a reduction of sentence if the Defendant presents any other circumstances or combination of circumstances that, when considered by themselves or together with any of the reasons described in Section 1B1.13(b)(1)-(4), "are similar in gravity."  *See* U.S.S.G. §1B1.13(b)(5).

## IV.  ANALYSIS

The Defendant has moved to reduce his 37-year sentence of imprisonment, upon the grounds of an unusually long sentence, pursuant to 18 U.S.C. § 3582(c)(1)(A).  *See* ECF No. 345. And so, the Defendant requests that the Court reduce his sentence to time served.  *Id*. at 8.

In its response to the Defendant's motion to reduce sentence, the Government does not contest that the Defendant has demonstrated an extraordinary and compelling reason for the Court to reduce his sentence.  ECF No. 362 at 4-7.  The Government also does not oppose a reduction of the Defendant's sentence to 26 years of imprisonment, given the Defendant's current age, his age at the expected time of release from imprisonment and the fact that the Defendant is serving a substantially lengthier sentence than his co-defendants in this case.  *Id*. at 7-10.  But, the Government opposes any further reduction of the Defendant's sentence.  *Id*.  And so, the Government argues that a reduced sentence of 26 years of imprisonment is supported by the

---

[1] The Fourth Circuit had held that Section 3582(c)(1)(A) authorizes a finding of extraordinary and compelling reasons based upon, among other things, length of sentence. *United States v. McCoy*, 981 F.3d 271, 285 (4th Cir. 2020).  This Court has also applied U.S.S.G. § 1B1.13(b)(6) to find extraordinary and compelling reasons in case recently brought pursuant to Section 3582(c)(1)(A).  *See, e.g., United States v. Howard*, 2024 WL 112010, at *15 (D. Md. Jan. 10, 2024); *United States v. Brown*, 2023 WL 8653179, at *2 (D. Md. Dec. 13, 2023).

Section 3553(a) factors, based upon the facts and circumstances of this case. *Id*. at 11.

For the reasons that follow, the Defendant has shown an extraordinary and compelling reason to reduce his sentence. The Section 3553(a) factors and the relevant policy statement also support a reduction of the Defendant's sentence. And so, the Court: (1) GRANTS the Defendant's motion to reduce sentence and (2) REDUCES the Defendant's sentence to 26 years of imprisonment.

> ### A.    The Defendant Has Shown An Extraordinary
> ### And Compelling Reason To Reduce His Sentence

As an initial matter, the Defendant has shown an extraordinary and compelling reason for the Court to reduce his sentence. Pursuant to Section 3582(c)(1)(A), the Court may modify the Defendant's sentence, if he shows that: (1) "extraordinary and compelling reasons" warrant a reduction of his sentence; (2) the factors set forth in 18 U.S.C. § 3553(a) countenance a reduction; and (3) the sentence modification is "consistent" with the policy statement issued by the Sentencing Commission in U.S.S.G. § 1B1.13. *United States v. Wiggins*, 2020 WL 4436373, at *2 (D. Md. Aug 3, 2020). Relevant here, Section 1B1.13(b)(6) of the Sentencing Guidelines provides that:

> Unusually Long Sentence.—If a defendant received an unusually
> long sentence and has served at least 10 years of the term of
> imprisonment, a change in the law (other than an amendment to
> the Guidelines Manual that has not been made retroactive) may be
> considered in determining whether the defendant presents an
> extraordinary and compelling reason, but only where such change
> would produce a gross disparity between the sentence being served
> and the sentence likely to be imposed at the time the motion is
> filed, and after full consideration of the defendant's individualized
> circumstances.

U.S.S.G. § 1B1.13(b)(6). In addition, Section 1B1.13(b)(5) of the Sentencing Guidelines provides for a reduction of sentence if the Defendant presents any other circumstances or combination of circumstances that, when considered by themselves or together with any of the reasons described in Section 1B1.13(b)(1)-(4), "are similar in gravity." *See* U.S.S.G. §1B1.13(b)(5).

In his motion to reduce sentence, the Defendant argues, among other things, that the Court should reduce his 37-year sentence of imprisonment, because of its significant length. ECF No. 345 at 7-8 (seeking reduction on account of "lengthy sentence" as extraordinary and compelling reason and mentioning Section 3553(a)). And so, the Court construes the Defendant's motion to

reduce sentence to be based upon an "unusually long sentence." *See* U.S.S.G. §1B1.13(b)(6).

The Government does not contest that the Defendant has shown an extraordinary and compelling reason to reduce his sentence, upon the ground of an unusually long sentence, given the Defendant's current age, his age at the expected time of his release from imprisonment and the sentences imposed on his co-Defendants in this case.   ECF No. 362 at 5-6.   And so, the Court is satisfied that the Defendant has provided an extraordinary and compelling reason to reduce his sentence under Section 3582(c)(1)(A).

## B.     The Section 3553(a) Factors And Policy Statement Support A Reduced Sentence

The Court is also satisfied that the factors set forth in 18 U.S.C. § 3553(a), and the relevant Commission policy statement, support reducing the Defendant's sentence for several reasons.

To be entitled to relief under Section 3582(c)(1)(A)(i), the Defendant must also show that the factors set forth in 18 U.S.C. § 3553(a) countenance a reduction in his sentence and that the sentence modification is consistent with the policy statement issued by the Commission in U.S.S.G. § 1B1.13.   *Wiggins*, 2020 WL 4436373, at *3.   And so, the Court's analysis under Section 3553(a) takes into account: (1) the Defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants.   *See* 18 U.S.C. §3553(a)(1), (a)(2); *see also Gill v. United States*, 2022 WL 17488953, at *5 (D. Md. Dec. 7, 2022).

In this case, the nature and circumstances of the offenses for which the Defendant stands convicted are very serious.   The Defendant has been convicted of bank robbery, in violation of 18 U.S.C. § 2113(a), and using, carrying and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).   ECF Nos. 181, 182.   The stipulation of facts for the case also makes clear that the Defendant was involved in multiple armed robberies in Maryland that occurred over several months in 2006 and early 2007.   ECF No. 362 at 1-2. Notably, the Defendant participated in the planning of the robbery that occurred on January 9, 2007, and he helped set up a pre-robbery meeting of the participants.   *Id*. at 2.   As the Government correctly observes, the Defendant's participation in these robberies warrants a significant sentence

of imprisonment.  *Id*. at 8.

      The Defendant's history and characteristics also support a significant sentence of imprisonment.  The Defendant had a significant criminal history at the time of sentencing, which is reflected in his criminal history category of VI with 14 criminal history points, based on ten prior convictions.  *Id*. at 9.  The Defendant's prior convictions include drug distribution-related offenses, drug possession offenses and a battery offense.  *Id*.

      The Defendant's conduct during imprisonment also supports a significant sentence of imprisonment in this case.  The Bureau of Prison's disciplinary history for the Defendant shows that the Defendant has committed several infractions while incarcerated, including for engaging in a group demonstration/interfering with staff; disruptive conduct; making threats of bodily harm; refusing order; and possessing a dangerous weapon.  *Id*. at 9.  And so, the Defendant's disciplinary record similarly supports a significant sentence of imprisonment.

      There are, however, several other factors related to the Defendant's personal characteristics that weigh in favor of reducing the 37-year sentence of imprisonment imposed by the Court.  First, the Defendant has been incarcerated for approximately 17 years, which is a lengthy period of time. At the time of his sentencing, the Defendant was 42 years old.  The Defendant is now 59 years old and will likely be in his 70s, if he is not released from prison until the end of his current sentence. The Government acknowledges that such an age is well beyond the age usually associated with continued violent crime.  *Id*. at 8.  And so, a reduction of the Defendant's sentence would allow the Defendant to return to the community within a reasonable and foreseeable timeframe, while also protecting the community from further crimes of the Defendant.

      As a final matter, the Court observes that the litigation history for this case shows that there are significant sentencing disparities between the Defendant and his co-Defendants in this case.  As to the co-Defendants, the Court imposed the following sentences: Timothy Sims—300 months of imprisonment; Michael Lonesome—204 months of imprisonment; Gregory Eason—192 months of imprisonment; Joseph Alexander White—108 months of imprisonment; Lawrence Hill—96 months of imprisonment; and Raquel Dingle—30 days of imprisonment.  ECF Nos. 142, 145, 171, 180, 189, 200.  By comparison, the Court sentenced the Defendant to 444 months of imprisonment. ECF No 182.  And so, the Defendant's sentence is 144 months (12 years) longer that the second longest sentence imposed by the Court in this case.

      Given this, the Court is satisfied that a reduction of the Defendant's sentence is warranted

and supported by the Section 3553(a) factors and U.S.S.G. §§ 1B1.13(b)(5) and (6).

Having determined that the Court should reduce the Defendant's sentence, the Court next considers the extent to which the Defendant's sentence should be reduced.  In this regard, the Government argues that a sentence of 26 years of imprisonment, which would likely result in the Defendant's release at approximately the age of 64, would protect public safety, promote general deterrence and reflect the serious nature of the Defendant's offenses, while also balancing the need to address the significant length of the Defendant's current sentence and the sentencing disparities that exists in this case.  ECF No. 362 at 8.  While the Defendant argues with some persuasion that his sentence should be reduced to time served, because he has served more than 17 years in prison, the Court agrees with the Government that some additional time of imprisonment remains appropriate in this case.  And so, the Court will REDUCE the Defendant's sentence to 26 years of imprisonment.

V.    **CONCLUSION**

For the foregoing reasons, the Court:

(1)  **GRANTS** the Defendant's motion to reduce sentence; and

(2)  **REDUCES** the Defendant's sentence to **26 years of imprisonment**.


**IT IS SO ORDERED.**


s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge

8